CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
March 31, 2025
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| SONNY ADAM SHIELDS, ) | |
| ) | Case No. 7:24-cv-00169 |
| Petitioner, ) | |
| ) | **MEMORANDUM OPINION** |
| v. ) | |
| ) | By:  Hon. Thomas T. Cullen |
| WARDEN OF USP LEE COUNTY, ) | United States District Judge |
| ) | |
| Respondent. ) | |

Petitioner Sonny Adam Shields, proceeding *pro se*, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, asking the court to reduce his sentence from life imprisonment to 30 years. (*See* ECF No. 1, at 6–7.) Respondent, the Warden of USP Lee, moves to dismiss this action, arguing it is procedurally improper, lacks merit, and should be adjudicated in the Western District of Tennessee rather than in this court. (ECF No. 9.) For the following reasons, the court will grant Respondent's motion to dismiss.

I.

The following summary of facts derives from the allegations in Petitioner's § 2241 petition and the public records Respondent offers to supplement the information contained in the petition.[1]

---

[1] Although a court may not ordinarily consider matters outside the pleadings or resolve factual disputes when ruling on a motion to dismiss, the court may take judicial notice of, and properly consider in connection with a Rule 12 motion, public records, including sentencing and parole records. *See Miller v. Hejirika*, No. CIV.A. GJH-14-2184, 2014 WL 4757472, at *1 n. 1 (D. Md. Sept. 22, 2014) (citing *Witthohn v. Fed. Ins. Co.,* 164 F. App'x 395, 397 (4th Cir.2006)); *see also Haley v. Corcoran,* 659 F.Supp.2d 714, 721 n. 4 (D. Md. 2009) ("A district court may take judicial notice of 'matters of public record' without converting a Rule 12(b)(6) motion into a motion for summary judgment.").

In May 2004, Petitioner was arrested on federal charges related to carjacking, kidnapping, and subsequent murder in the United States District Court for the Western District of Tennessee. (*See* ECF No. 9-1, at 3; ECF No. 9-2, at 1–2.) On December 6, 2011, Petitioner pled guilty to kidnapping resulting in the death of a person in violation of 18 U.S.C. § 1201, which carries a mandatory minimum term of life imprisonment. (*See* ECF No. 9-3, at 1.) As part of the plea agreement, the United States agreed to dismiss its notice of intent to seek the death penalty at the time of sentencing and to refrain from seeking the death penalty against Petitioner. (*Id.*) The parties also agreed, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), that Petitioner would be sentenced to a term of life imprisonment. (*Id.*) In his plea agreement, Petitioner also waived his right to appeal his life sentence and "any right to challenge the voluntariness of his guilty plea either on direct appeal or in any collateral attack, including but not limited to a motion brought pursuant to 28 U.S.C. § 2255," except with regard to claims for ineffective assistance of counsel. (*Id.* at 1–2.)

On December 6 and 7, 2011, Petitioner was sentenced, immediately following his change of plea hearing, in accordance with his plea agreement to life without parole, and judgment reflecting that sentence was entered. (*See* ECF No. 9-4, at 1–2; ECF No. 9-5, at 1.) Petitioner never appealed his conviction or sentence or filed a habeas corpus petition challenging the validity of his conviction or sentence in the Western District of Tennessee. (*See generally* ECF No. 9-1 (criminal case docket).)

In his petition, Petitioner raises four challenges to his sentence. (*See* ECF No. 1, at 6–7.) First, he claims that the imposition of his federal sentence without a pre-sentence investigation report ("PSR") by a United States Probation Officer was a violation of

constitutional due process. (*Id.* at 6.) Second, Petitioner claims that sentencing him without a PSR created an unreasonable sentencing disparity, in violation of his rights to due process and his Eighth Amendment right to be free from cruel and unusual punishment, because "[e]very inmate within the BOP besides [Petitioner] received a PSR before sentencing" and "was afforded a chance to challenge any issues within said PSR." (*Id.*) Third, he argues that the sentencing court improperly failed to consider departing from the sentencing guidelines based on Petitioner's "lack of education, age, and social standing," including that he was "the youngest of [his] codefendants and could've easily been subjected to peer pressure, duress and coercion." (*Id.*) Lastly, Petitioner challenges his conviction and sentence on the grounds that no mental evaluation was performed before sentencing, even though he faced a possible death-penalty sentence. (*Id.* at 7.) According to Petitioner, this, too, violated his constitutional right to due process. (*Id.*)

Respondent moves to dismiss Petitioner's § 2241 petition on the grounds that (1) his petition should have been filed as a motion under 28 U.S.C. § 2255 and filed in the sentencing court; (2) Petitioner's claims are procedurally defaulted because he did not raise them on direct appeal; and (3) Petitioner's claims fail as a matter of law because, regardless of which factors the sentencing court considered, Petitioner was subject to a statutory mandatory-minimum sentence of life imprisonment and was bound by his Rule 11(c)(1)(C) plea agreement. (ECF No. 9, at 4–11.)

## II.

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint. *Occupy Columbia v. Haley*, 738 F.3d 107, 116 (4th Cir. 2013). To survive such a motion, "a complaint

must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To be "plausible," a plaintiff's claim must be supported by factual allegations sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Although this "plausibility" standard is not akin to "probability," it does require "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

"In deciding whether a complaint will survive a motion to dismiss, a court evaluates the complaint in its entirety, as well as documents attached or incorporated into the complaint." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011) (citations omitted). Additionally, the court "must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the plaintiff." *Hall v. DIRECTV, LLC*, 846 F.3d 757, 765 (4th Cir. 2017) (citations omitted). And, because Plaintiff is proceeding *pro se*, the allegations are construed "liberally" in his favor. *Shaw v. Foreman*, 59 F.4th 121, 127 (4th Cir. 2023). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged— but it has not shown—that the pleader is entitled to relief" as required by Rule 8. *Iqbal*, 556 U.S. at 679 (cleaned up).

### III.

Petitioner's claims implicate the interplay between 28 U.S.C. § 2241 and 28 U.S.C. § 2255. Section 2255 offers a postconviction remedy to federal prisoners seeking to collaterally attack the validity of their convictions or sentences. *Jones v. Hendrix*, 599 U.S. 465, 469 (2023). Section 2241, the general habeas corpus statute, is the appropriate vehicle to address matters pertaining to a petitioner's "commitment or detention." *See id.*; *Williams v. Ziegler*, No. 5:12-CV-00398, 2014 WL 201713, at *3 (S.D.W. Va. Jan. 17, 2014). Motions under § 2255 must be filed in the original sentencing court, while § 2241 petitions must be filed in the district where the petitioner is currently confined. *See United States v. Poole*, 531 F.3d 263, 264 (4th Cir. 2008).

Petitioner challenges the validity of his sentence based on procedural matters before sentencing and factors he alleges the sentencing court should have, but did not, consider in fashioning his sentence. (*See* ECF No. 1, at 6–7.) These are issues that should be presented in a § 2255 motion before the sentencing court, and, under 28 U.S.C. § 2255(e), may not be presented in a § 2241 petition unless Petitioner shows the § 2255 remedy "is inadequate or ineffective to test the legality of his detention." *Jones*, 599 U.S. at 469 (quoting 28 U.S.C. § 2255(e)); *see also Cason v. Masters*, No. CV 1:13-26591, 2016 WL 3647797, at *3–5 (S.D.W. Va. Feb. 2, 2016), *report and recommendation adopted*, No. CV 1:13-26591, 2016 WL 3647961 (S.D.W. Va. July 1, 2016) (dismissing § 2241 petition because petitioner's contentions that his sentence was improperly enhanced under the sentencing guidelines was "clearly challenging the validity of his sentence, not the manner in which his sentence is being executed"); *McKoy v. Wilson*, No. 1:15-CV-622-GBL-MSN, 2016 WL 8732518, at *9 (E.D. Va. Apr. 1, 2016) (dismissing § 2241 petition claiming that the sentencing court misapplied career-offender

enhancement under the sentencing guidelines where petitioner failed to show the *Jones* criteria were met); *Pollard v. Ziegler*, No. 5:13-CV-15863, 2015 WL 7779495, at *2 (S.D.W. Va. Dec. 2, 2015) (agreeing that petitioner's arguments "arguments with respect to the application of the United States Sentencing Guidelines cannot properly be heard in a petition brought pursuant to 28 U.S.C. § 2241, but must instead be heard by the court of conviction in a 28 U.S.C. § 2255 motion"); *Bautista-Serrano v. Mitchell*, No. CA 6:11-1351-RBH-KFM, 2011 WL 4055310, at *4 (D.S.C. Aug. 8, 2011), *report and recommendation adopted*, No. 6:11-CV-01351-RBH, 2011 WL 4055290 (D.S.C. Sept. 12, 2011), *aff'd*, 465 F. App'x 289 (4th Cir. 2012) ("[T]o the extent that the instant § 2241 Petition alleges that the sentencing court unlawfully applied the Federal Sentencing Guidelines to enhance his sentence, Petitioner fails to satisfy the requirements of the "savings clause" of § 2255(e) . . . so as to provide this Court with jurisdiction to hear it, and it should be summarily dismissed.").

Here, Petitioner cannot show that the § 2255 remedy is inadequate or ineffective to test the legality of his sentence. "Traditionally, courts have treated the saving clause as covering unusual circumstances in which it is impossible or impracticable for a prisoner to seek relief from the sentencing court." *Jones*, 599 U.S. at 474 (explaining that "[t]he clearest such circumstance is the sentencing court's dissolution," as "a motion in a court that no longer exists is obviously 'inadequate or ineffective' for any purpose"). But "[i]t is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision." *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000), *abrogated in part by Jones*, 599 U.S. 465. And here, Petitioner has not alleged any unusual circumstances that would make it impossible or impractical to pursue his claims in the Western District of Tennessee.

Because Petitioner challenges the validity of his sentence and he has not shown that § 2255 is an inadequate remedy under *Jones*, this court lacks jurisdiction to consider his arguments in a § 2241 petition.[2] To the extent Petitioner wishes to pursue these arguments, he must do so via § 2255 motion in the Western District of Tennessee.

## IV.

For these reasons, the court will **GRANT** Respondent's motion (ECF No. 9) and **DISMISS** this case. The Clerk is directed to send a copy of this memorandum opinion and the accompanying order to Petitioner.

**ENTERED** this 31st day of March, 2025.

> */s/ Thomas T. Cullen*
> HON. THOMAS T. CULLEN
> UNITED STATES DISTRICT JUDGE

---

[2] Because the court concludes that the § 2241 petition should be dismissed on this ground, it need not consider Respondent's alternative arguments regarding procedural default or their lack of legal merit. Those issues, should Petitioner choose to raise them again, should be resolved by the sentencing court.